UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 6:12-cr-46-Orl-22DAB

PHILLIP BEYEL

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, PHILLIP BEYEL, and the attorney for the defendant, Rick L. Jancha, mutually agree as follows:

A. **Particularized Terms**

  1. Counts Pleading To

    The defendant shall enter a plea of guilty to Counts One and Twenty of the Indictment. Count One charges the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Count Twenty charges the defendant with enticing a minor under the age of 18 to engage in sex, in violation of 18 U.S.C. § 2422(b).

Defendant's Initials _P. B._     AF Approval _____

2. <u>Minimum and Maximum Penalties</u>

    a.    Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of $250,000.00, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

    b.    Count Twenty is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of $250,000.00, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

Defendant's Initials _P.B._        2

> First: That the defendant knowingly employed, coerced, enticed, persuaded or used a minor to engage in sexually explicit conduct;
>
> Second: That the defendant did so for the purpose of producing visual images of such conduct;
>
> Third: That the defendant knew or had reason to know the images would be transported or transmitted using any means or facility of interstate or foreign commerce, or were transported or transmitted using any means or facility of interstate or foreign commerce, or produced the images using materials mailed, shipped or transported in interstate or foreign commerce.

The elements of Count Twenty are:

> First: That the Defendant knowingly used a computer and the internet to attempt to persuade, induce, entice [or coerce] an individual under the age of eighteen (18) to engage in sexual activity, as charged;
>
> Second: That the Defendant believed that such individual was less than eighteen (18) years of age;
>
> Third: That if the sexual activity had occurred, the Defendant could have been charged with a criminal offense under the law of Florida; and
>
> Fourth: That the Defendant acted knowingly and willfully.

4. **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, Counts Two through Nineteen, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _P.B._    3

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), 2248, 2259, 2264, or 2327, defendant agrees to make full restitution to the victim.

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _P.H._    4

8. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 United States Code §§ 2253, 2428 and 2461(c), whether in the

Defendant's Initials _P.B._          5

possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: iPhone 4 seized from the Defendant on January 2, 2012. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offenses to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United

Defendant's Initials _____   6

States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute

Defendant's Initials _(initialed)_      7

assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

10. <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Department of Homeland Security, Immigration and Customs Security, Homeland Security Investigations or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he/she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he/she has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Homeland Security, Immigration and Customs Security, Homeland Security Investigations, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

Defendant's Initials _P.V._         8

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he/she is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: iPhone 4 seized from the Defendant on January 2, 2012.

11.  **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Defendant's Initials _P.B._          9

### B. Standard Terms and Conditions

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _P.B._          10

3.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

Defendant's Initials _P.H._        11

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States

Defendant's Initials _____         12

Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from her waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials _____  13

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights,

Defendant's Initials _Q.B._    14

such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

### FACTS

On January 1, 2012, the Brevard County Sheriff's Office (BCSO) initiated an investigation against **PHILLIP BEYEL (BEYEL)** for soliciting a minor to engage in sexual activity.

On December 31, 2011, **BEYEL** sent a text message from his iPhone to the minor Victim's iPhone enticing the minor Victim to engage in sex. The text message was sent and received through cellular communication, a facility of interstate commerce. After the text message communication, **BEYEL** picked the minor Victim up from the minor Victim's home in Brevard County and they went to a hotel in Cocoa, Florida. While in the hotel room, **BEYEL** engaged in sexual activity with the minor Victim.

On January 1, 2012, a sexual assault examination was completed on the minor Victim. The examination found sexual activity consistent with the acts described by the minor Victim.

Defendant's Initials _P.B._      15

On January 1, 2012, during a controlled telephone call between the minor Victim and **BEYEL**, they discussed the sexual activity which had taken place on December 31, 2011. **BEYEL** discussed with the minor Victim that if the minor Victim had to go to the doctor, the minor Victim could not say that the injury was caused by the two of them having sex.

The forensic examination of **BEYEL's** iPhone recovered several videos depicting sexual acts between **BEYEL** and the minor Victim. One of the videos depicts the sexual activity between **BEYEL** and the minor Victim on December 31, 2011. The iPhone used by **BEYEL** to produce the video of child pornography was manufactured in China. The iPhone traveled in interstate and foreign commerce before the production of the video. As a result of the conduct depicted on the video, **BEYEL** could be criminally charged under Florida Law for engaging in sexual conduct with a minor under the age of 18 in violation of Florida Statutes § 800.04.

10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _O.B._  16

11. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 25th day of September, 2012.

|  |  |
|---|---|
| /s/ Phillip Beyel<br>PHILLIP BEYEL<br>Defendant | ROBERT E. O'NEILL<br>United States Attorney<br><br>By: /s/ Carlos A. Perez-Irizarry<br>Carlos A. Perez-Irizarry<br>Assistant United States Attorney<br>Chief, Orlando Division |
| /s/ Rick L. Jancha<br>Rick L. Jancha<br>Attorney for Defendant | /s/ Karen L. Gable<br>Karen L. Gable<br>Assistant United States Attorney<br>Deputy Chief, Criminal Division |

Defendant's Initials P.B.

17