UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 6:12-cr-46-Orl-22DAB

PHILLIP BEYEL

**JOINT MOTION TO CLOSE COURTROOM WHILE
CHILD VICTIM READS A STATEMENT TO THE COURT**

The United States of America, by and through the undersigned Assistant United States Attorney, files this motion to close the courtroom during the statement of the child victim in this case. Counsel for defendant agrees to the closure of the courtroom under the circumstance described herein. In support of the motion, the United States submits the following Memorandum of Law.

MEMORANDUM OF LAW

On February 22, 2012 the grand jury returned an Indictment for Phillip Beyel. Counts One through Nineteen charge the defendant with sexual enticement of a minor, specifically to engage in explicit conduct for the purpose of producing visual depictions of such conduct, in violation of 18 U.S.C. § 2251(a) and (e), and County Twenty charges the defendant with sexual enticement of a minor, in violation of 18 U.S.C. § 2422(B). The victim is K.J, who is now 14 years old.   The sentencing hearing for this defendant is scheduled for February 14, 2013.  This morning, the minor victim in this case expressed her desire to read a statement at the sentencing hearing.  The minor is a victim of sexual abuse in this case and has indicated that she feels uncomfortable testifying publicly in this case.  The government requests the Court to enter an order

excluding from the courtroom all persons during the child victim's statement, other than the case agents, victim advocate, and immediate family members of the parties.

Title 42, United States Code, Section 10606(b)(1) provides that a victim of a crime has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 42 U.S.C. §10606(b)(1).  When the victim is a juvenile, 18 U.S.C. § 3509 provides additional protections.  Specifically, 18 U.S.C. § 3509(e) provides:

> When a child testifies the court may order the exclusion from the courtroom of all persons, including members of the press, who do not have a direct interest in the case.  Such an order may be made if the court determines on the record that requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate.  Such an order shall be narrowly tailored to serve the Government's specific compelling interest.
>
> In addition, section 3509(d)(3) states:
>
> (A)     On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.
>
> (B)     A protective order issued under subparagraph (A) may --
>
>     (I)     provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom;

18 U.S.C. §3509(d)(3).

Here, the minor victim has stated that she feels uncomfortable making a statement in open court about this case, and the government is concerned that causing her to speak publicly about the abuse will cause her substantial psychological harm or result in her inability to effectively communicate.  In order to spare the minor victim and

2

...
...

her family further trauma, the United States respectfully requests with the agreement of counsel for the defendant, that the courtroom be closed during the minor victim's testimony.  Closing the courtroom will prevent disclosure of her identity, and prevent her from any further traumatization.  The United States requests the Court to enter an Order closing the courtroom during the minor's testimony and to make a finding on the record that requiring the minor to testify in open court would result in her inability to effectively communicate or would cause them substantial psychological harm.

The Supreme Court has recognized that, while "the press and general public have a constitutional right of access to criminal trials," this right is not absolute.  Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603, 606 (1982).  The circumstances in which the press and general public may be barred from a criminal trial are limited; the justification for denying them access "must be a weighty one."  Id., 457 U.S. at 606.  The Court stated that, when the right of access is inhibited to prevent the disclosure of sensitive information, "it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Id. at 607.  While the Court acknowledged that "safeguarding the physical and psychological well-being of a minor" has been recognized as a compelling interest, the Court found that this interest did not justify a mandatory closure of the courtroom.  Id. at 607-08.  Instead, the trial court must determine on a case-by-case basis whether closure is necessary to protect the welfare of the juvenile.  Id. at 608.

The factors to be considered are "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives."  Id.  In this case, the minor victim is 14 years old.  As stated

above, the victim and her family have expressed their wishes to the United States that the courtroom be closed during the minor victim's testimony.  The nature of the crimes charged herein involves the sexual abuse of the minor and having to testify about these matters in open court may result in the minor having difficulty communicating her testimony.  These factors weigh heavily in favor of closing the courtroom during the minor victim's testimony.  Accordingly, to protect the privacy of, and prevent embarrassment or detriment to, the minor victim, the United States respectfully requests that the courtroom be closed during testimony. The courtroom should be closed to the members of the press, as well as to all persons not having a direct interest in this case.  See 18 U.S.C. § 3509(e).

    The undersigned counsel has conferred with counsel for the defendant and counsel agrees that the court should enter an order closing the courtroom while the minor victim makes a statement to the court.

                                                            Respectfully submitted,

                                                             ROBERT E. O'NEILL
                                                             United States Attorney

By:    *s/ Carlos A. Perez-Irizarry*
        Carlos A. Perez-Irizarry
        Assistant United States Attorney
        Florida Bar No 861251
        400 W. Washington Street, Suite 300
        Orlando, Florida  32801
        Telephone:  (407) 648-7500
        Facsimile:  (407) 648-7643
        E-mail:      carlos.perez5@usdoj.gov

U.S. v. PHILLIP BEYEL                              Case No. 6:12-cr-46-Orl-22DAB

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rick Jancha, Esq.

*s/ Carlos A. Perez-Irizarry*
Carlos A. Perez-Irizarry
Assistant United States Attorney
Florida Bar No 861251
400 W. Washington Street, Suite 300
Orlando, Florida  32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:         carlos.perez5@usdoj.gov