```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION

                  Docket No. 6:12-cr-46-Orl-22TBS

. . . . . . . . . . . . . . .
UNITED STATES OF AMERICA      :
                              :            Orlando, Florida
            Plaintiff         :            September 25, 2012
                              :            9:29 a.m.
              v.              :
                              :
PHILLIP BEYEL                 :
                              :
            Defendant         :
. . . . . . . . . . . . . . .


              TRANSCRIPT OF CHANGE OF PLEA
         BEFORE THE HONORABLE ANNE C. CONWAY
            CHIEF UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff:  Carlos Perez


For the Defendant:  Rick Jancha


Court Reporter:     Sandra K. Tremel, RMR/CRR
                    407-245-3110



Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Case number 2012-46, United States v.
 3   Phillip Beyel.
 4        Could we have appearances, please?
 5            MR. PEREZ:  Good morning.  Carlos Perez for the
 6   United States.
 7            MR. JANCHA:  Good morning, Your Honor.  Rick
 8   Jancha on behalf of Mr. Phillip Beyel who's to my right.
 9            THE COURT:  All right.  I understand he wishes to
10   change his plea.
11            MR. JANCHA:  Yes, Your Honor.
12            THE COURT:  All right.  Would you come forward,
13   please.
14        Would you swear the defendant, please.
15                    (Defendant sworn)
16            THE DEFENDANT:  Yes.
17            THE DEPUTY CLERK:  Your name, please.
18            THE DEFENDANT:  Phillip Beyel.
19            THE COURT:  All right.  Mr. Beyel, I wish to
20   advise you that you are now under oath.  Any answers to my
21   questions if not completely truthful could subject you to
22   further prosecution for perjury or false statements.  Do you
23   understand that?
24            THE DEFENDANT:  Yes, Your Honor.
25            THE COURT:  If you wish to speak to your attorney
```

```
 1  during the course of this proceeding, let me know and I'll
 2  allow you to do that.  If you don't understand something,
 3  please tell me that.  It's very important you understand
 4  what we're doing here this morning.
 5       What is your age?
 6            THE DEFENDANT:  28.
 7            THE COURT:  And your educational background?
 8            THE DEFENDANT:  High school.
 9            THE COURT:  What is your usual occupation?
10            THE DEFENDANT:  A heavy haul supervisor.
11            THE COURT:  How's your health?
12            THE DEFENDANT:  Good.
13            THE COURT:  Do you have difficulty speaking,
14  reading or understanding English?
15            THE DEFENDANT:  No, Your Honor.
16            THE COURT:  Have you ever been under the care of a
17  psychiatrist or a psychologist?
18            THE DEFENDANT:  Yes, Your Honor.
19            THE COURT:  Tell me about that.
20            THE DEFENDANT:  Just an evaluation for depression
21  and posttraumatic stress disorder.
22            THE COURT:  All right.
23            MR. JANCHA:  Your Honor, while incarcerated he has
24  seen a doctor from south Florida who we will be presenting a
25  report at sentencing on him, but she does indicate he
```

```
 1  suffers from PTSD and depression and anxiety.
 2           THE COURT:  All right.  Has your mental competency
 3  ever been questioned or challenged?
 4           THE DEFENDANT:  No.
 5           THE COURT:  Have you ever been addicted to drugs,
 6  alcohol or medication of any kind?
 7           THE DEFENDANT:  Yes.
 8           THE COURT:  Tell me about that.
 9           THE DEFENDANT:  After my daughter passed away from
10  leukemia, I started marijuana, pain pills and cocaine.
11           THE COURT:  When was the last time you felt the
12  affects of any of those drug addictions?
13           THE DEFENDANT:  I guess the day I was arrested.
14           THE COURT:  How long ago was that?
15           MR. JANCHA:  It was January 2nd, 2012, Your Honor.
16           THE COURT:  All right.  Have you taken any drugs,
17  alcohol or medication of any kind in the past 48 hours?
18           THE DEFENDANT:  No, Your Honor.
19           THE COURT:  Are you under the influence of
20  anything interfering with your ability to think or
21  concentrate here today?
22           THE DEFENDANT:  No, Your Honor.
23           THE COURT:  Do you feel that you're clear minded?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Did you read the indictment that was
```

Sandy Tremel, RMR,CRR - Federal Official Court Reporter

1 filed against you?
2     THE DEFENDANT: Yes, Your Honor.
3     THE COURT: And did you discuss it with your
4 attorney?
5     THE WITNESS: Yes.
6     THE COURT: Do you have any questions about it?
7     THE DEFENDANT: No, Your Honor.
8     THE COURT: I understand that you're entering a
9 plea of guilty to counts 1 and 20 of the indictment. Count
10 1 charges you with production of child pornography in
11 violation of 18 U.S.C. section 2251 (a) and (e). Count 20
12 charges you with enticing a minor under the age of 18 to
13 engage in sex in violation of 18 U.S.C. section 2422(b).
14 Before you could be found guilty of count 1 the government
15 would have to prove, first, that you knowingly employed,
16 coerced, enticed, persuaded, or used a minor to engage in
17 sexually explicit conduct; second, that you did so for the
18 purpose of producing visual images of such conduct; third,
19 that you knew or had reason to know that the images would be
20 transported or transmitted using any means or facility of
21 interstate or foreign commerce, or were transported or
22 transmitted using any means or facility of interstate or
23 foreign commerce or produced the images using materials
24 mailed, shipped or transported in interstate or foreign
25 commerce.

```
 1        As to count 20 the government would have to prove,
 2   first, that you knowingly used a computer and the Internet
 3   to attempt to persuade, induce, entice or coerce an
 4   individual under the age of 18 to engage in sexual activity
 5   as charged; second, that you believed that such individual
 6   was less than 18 years of age; third, if the sexual activity
 7   had occurred that you could have been charged with a
 8   criminal offense under the law of Florida; and fourth, that
 9   you acted knowingly and willfully.
10        The government has agreed to dismiss count 2 through 19
11   at the time of sentencing.
12        Do you wish me to read the indictment to you here today
13   or do you waive that?
14            THE DEFENDANT:  Waive, Your Honor.
15            THE COURT:  Do you feel you have discussed these
16   charges with your attorney?
17            THE DEFENDANT:  Yes.
18            THE COURT:  Do you feel that you have had
19   sufficient time to discuss them, the charges?
20            THE DEFENDANT:  Yes, Your Honor.
21            THE COURT:  And are you satisfied with your
22   attorney's services?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Is there any question as to Mr.
25   Beyel's competence to enter a plea of guilty?
```

```
 1                MR. PEREZ:  No, Your Honor.
 2                MR. JANCHA:  No, Your Honor.
 3                THE COURT:  I find you competent to enter a plea
 4   of guilty to this charge if you wish to do so.
 5        Has anyone done anything that you consider to be wrong
 6   or unfair to get you to plead guilty?
 7                THE DEFENDANT:  No, Your Honor.
 8                THE COURT:  Have there been there threats or
 9   coercion or improper pressure of any kind placed on you to
10   get you to plead guilty?
11                THE DEFENDANT:  No, Your Honor.
12                THE COURT:  Do you want to plead guilty to this
13   charge because you are guilty or is there some other reason
14   for your plea?
15                THE DEFENDANT:  Because I'm guilty.
16                THE COURT:  Do you have the plea agreement in this
17   case?
18                MR. JANCHA:  Yes, Your Honor.
19                THE COURT:  Do you have the original?
20                MR. PEREZ:  Yes, Your Honor, I do have the
21   original.
22                THE COURT:  Do you have the original?  You have
23   it, Mr. Perez?
24                MR. PEREZ:  I have it.
25                THE COURT:  Okay.  Thank you.
```

```
 1         Did you read this plea agreement?
 2             THE DEFENDANT:  Yes, Your Honor.
 3             THE COURT:  Did you sign it on page 17?
 4             THE DEFENDANT:  Yes.
 5             THE COURT:  Did you initial each page?
 6             THE DEFENDANT:  Yes, Your Honor.
 7             THE COURT:  And did you discuss it with your
 8  attorney?
 9             THE DEFENDANT:  Yes.
10             THE COURT:  Do you understand that this plea
11  agreement is between you and the United States Attorney's
12  Office, that I'm not a party to the plea agreement?
13             THE DEFENDANT:  Yes.
14             THE COURT:  Do you understand that?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Does this plea agreement contain all
17  the promises that you have made to the government and all
18  the promises they have made to you?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Are there any verbal promises,
21  understandings or representations that you feel you have
22  with the government that are not in writing?
23             THE DEFENDANT:  No, Your Honor.
24             THE COURT:  Count 1 is punishable by a mandatory
25  minimum term of imprisonment of 15 years up to 30 years; a
```

Sandy Tremel, RMR,CRR - Federal Official Court Reporter

```
 1  fine of $250,000; a term of supervised release of at least
 2  five years up to life; and a special assessment of $100 per
 3  felony count.
 4       The Court shall also order you to make restitution to
 5  any victim of your offense.
 6       As to count 20, it is punishable by a mandatory minimum
 7  term of imprisonment of 10 years up to life; a fine of up to
 8  $250,000; a term of supervised release of at least five
 9  years up to life; and a special assessment of $100 per
10  felony count.
11       Have you discussed with your attorney the sentencing
12  procedures?
13            THE DEFENDANT:  Yes.
14            THE COURT:  So you're aware that the Court will
15  consider various factors before determining what your
16  sentence?  Those factors include the nature and
17  circumstances of this offense, the history and
18  characteristics of you, the defendant, the need for the
19  sentence imposed, the kind of sentences that are available,
20  the sentencing range established by the advisory guidelines
21  as well as other factors.
22       Have you discussed the advisory sentencing guidelines
23  with your attorney?
24            THE DEFENDANT:  Yes.
25            THE COURT:  So you're aware that the Court is
```

```
 1  required to determine what the advisory guideline range is
 2  for your case?  In doing so, the Court's required to take
 3  into account factors such as the actual conduct in which you
 4  engaged, the victims of your offense, the role that you
 5  played, whether or not you have engaged in any obstruction
 6  of justice, whether you have accepted responsibility for
 7  your acts as well as other factors.
 8       Do you understand that your criminal history is an
 9  important factor in determining the advisory sentencing
10  guidelines?
11            THE DEFENDANT:  Yes.
12            THE COURT:  Do you understand that the Court will
13  not be able to determine the guideline range for your case
14  until after a presentence report has been completed and you
15  and your attorney and counsel for the government will have
16  the opportunity to review the presentence report and to
17  challenge any facts that are reported by the probation
18  office?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Do you understand that it may be
21  necessary for the Court to resolve disputed facts or other
22  matters contained in the presentence report and that could
23  affect your sentence?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Do you understand at this point it's
```

1  unlikely that your attorney can be specific as to what your
2  guideline range will be because he's not seen the
3  presentence report and therefore doesn't have all the
4  necessary information?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Do you understand that you will not be
7  able to withdraw your plea of guilty if it turns out that
8  your lawyer's prediction as to the guideline range, your
9  criminal history or your ultimate sentence proves to be
10 inaccurate?
11         THE DEFENDANT:  Yes.
12         THE COURT:  So in other words, when you see the
13 presentence report if it looks like your sentence is going
14 to be higher than you expected, that does not permit you to
15 withdraw your plea.  Do you understand that?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Do you understand that after it's been
18 determined what the advisory sentencing guideline range is
19 for your case that the judge has the authority to impose a
20 sentence that's more severe or less severe than that -- the
21 sentence called for by the guidelines taking into account
22 the mandatory minimums in your case?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Do you understand that -- do you
25 understand that the statute under which you are charged sets

```
 1  forth the maximum and the minimum sentence which can be
 2  imposed?  It's the sentencing factors I just mentioned that
 3  I will use to determine what your sentence is.
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  Do you have any questions about
 6  sentencing?
 7            THE DEFENDANT:  No, Your Honor.
 8            THE COURT:  Do you understand that under some
 9  circumstances you or the government may have the right to
10  appeal any sentence I impose?
11            THE DEFENDANT:  Yes.
12            THE COURT:  On page 12 of your plea agreement --
13  do you have the plea agreement in front of you?
14            MR. JANCHA:  Yes, Your Honor.
15            THE COURT:  All right.  On pages 12 and 13 there's
16  a provision that's titled "Defendant's Waiver of Right to
17  Appeal the Sentence."  Did you read that?
18            THE DEFENDANT:  Yes.
19            THE COURT:  It goes into page 13.  Did you discuss
20  that with Mr. Jancha?
21            THE DEFENDANT:  Yes.
22            THE COURT:  So you understand that based on this
23  provision of your plea agreement that you're waiving your
24  right to appeal your sentence?
25            THE DEFENDANT:  Yes.
```

```
 1            THE COURT:  By this waiver you give up your right
 2  to appeal or contest your sentence.  Do you understand that?
 3            THE DEFENDANT:  Yes.
 4            THE COURT:  Do you also understand that you can
 5  only be released from this waiver if the government
 6  exercises its right to appeal the sentence?
 7            THE DEFENDANT:  Yes.
 8            THE COURT:  Do you have any questions about this
 9  waiver?
10            THE DEFENDANT:  No, Your Honor.
11            THE COURT:  Do you make this waiver knowingly and
12  voluntarily?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Do you also understand that parole has
15  been abolished?  If you're sentenced to prison you will not
16  be released early on parole.  You will serve all or almost
17  all the prison term the Court imposes.
18            THE DEFENDANT:  Yes.
19            MR. JANCHA:  Your Honor, if I could be heard.
20  Also the waiver of appeal language indicates that he could
21  appeal if the sentence exceeds the statutory guideline
22  range.
23            THE COURT:  Yes.  I'm sorry.  There are exceptions
24  on page 13 of your plea agreement.  Thank you, Mr. Jancha.
25            MR. JANCHA:  Exceeds the statutory maximum or
```

```
 1  violates the amendment.
 2           THE COURT:  Do you understand that?
 3           THE DEFENDANT:  Yes.
 4           THE COURT:  Those are the only circumstances under
 5  which you can appeal your sentence because of this
 6  provision.  Do you understand?
 7           THE DEFENDANT:  Yes.
 8           THE COURT:  And do you make this waiver knowingly
 9  and voluntarily?
10           THE DEFENDANT:  Yes.
11           THE COURT:  The Court must also impose a period of
12  supervised release to be served by you after release from
13  confinement.  While on supervised release you will remain
14  under the supervision of the federal court after getting out
15  of prison.  Supervised release is in addition to the prison
16  term.  The length of supervised release is set by the Court
17  at the time of sentencing.
18       For a violation of the terms and conditions of
19  supervised release, you could be sent back to prison to
20  serve the period of supervised release in prison even though
21  you already served your entire sentence.
22       The Court may -- under some circumstances you could be
23  denied federal benefits.  Deportation is a possibility if
24  you're not an American citizen.
25       You may also be required to register as a sex offender.
```

```
 1         There are forfeiture provisions in here.  The sexual
 2   notification of registration is on page 9 of your plea
 3   agreement.  On pages 7 and 8 it talks about forfeiture,
 4   abandonment of property.
 5         MR. JANCHA:  I'm sorry, Your Honor.  I believe
 6   they have identified the iPhone.  That's what you're going
 7   to forfeit in this matter.
 8         THE COURT:  Okay.  There's also the abandonment of
 9   the computer.
10         MR. JANCHA:  We want to clarify that the computer
11   is actually the iPhone.
12         THE COURT:  Okay.
13         MR. JANCHA:  Because it was an iPhone 4.  It had
14   computer capacity, and he utilized the iPhone to communicate
15   not only via text but also to take photographs.
16         THE COURT:  All right.  Do you understand that
17   that will be forfeited?
18         THE DEFENDANT:  Yes.
19         THE COURT:  The Court may assess and require that
20   you pay the cost of imprisonment, the cost of supervised
21   release or the cost of any probation.
22      Counsel, have I neglected to explain any possible
23   penalties to the defendant?
24         MR. PEREZ:  No, Your Honor.
25         MR. JANCHA:  No, Your Honor.
```

1            THE COURT:  Do you understand the possible
2   penalties that apply to you if you plead guilty?
3            THE DEFENDANT:  Yes.
4            THE COURT:  You have right to persist in your plea
5   of not guilty.  You do not have to plead guilty to this
6   charge.  You have the right to an attorney and the
7   assistance of counsel at every stage in the proceeding.  If
8   necessary an attorney will be appointed by the Court to
9   represent you.
10       You have the right to a trial by jury of 12 persons on
11  the charges contained in this indictment.  At such trial you
12  would be presumed to be innocent.  The government would be
13  required to prove you guilty by competent evidence and
14  beyond a reasonable doubt.  You would not have to prove that
15  you are innocent.  In the course of the trial you have the
16  right to confront and cross-examine witnesses who testify
17  against you.  The witnesses for the government would have to
18  come to court and testify in your presence.  Your counsel
19  would be able to cross-examine the witnesses for the
20  government.
21       You can object to and seek to exclude from
22  consideration all or portions of the testimony of these
23  witnesses and you would be able to object to and seek to
24  exclude from consideration other kinds of evidence offered
25  by the government.

```
 1        You have the right to compulsory process or subpoenas
 2   so that you could obtain evidence and witnesses to be
 3   presented at the trial in your favor.  At a trial while you
 4   would have the right to testify if you chose to do so, you
 5   also have the right not to testify and no inference or
 6   suggestion of guilt could be drawn from the fact that you
 7   did not testify.  In other words, you have the privilege
 8   against self-incrimination and the right to remain silent.
 9        If you plead guilty and I accept your plea, do you
10   understand that you will waive your right to a trial and
11   other rights I have just discussed?
12             THE DEFENDANT:  Yes.
13             THE COURT:  There will be no trial.  I will enter
14   a judgment of guilty and sentence you on the basis of your
15   guilty plea after considering the presentence report.
16        If you plead guilty you will also have to waive your
17   right not to incriminate yourself since I will ask questions
18   about what you did in order to satisfy myself that you are
19   guilty of this charge.
20        Do you understand that?
21             THE DEFENDANT:  Yes.
22             THE COURT:  If you enter a plea of guilty and
23   waive the trial you also give up your right to appeal from
24   the adjudication of your guilt.  That's the legal finding
25   that you're guilty.
```

```
 1        You have been charged with a felony.  If you enter a
 2   plea of guilty you will lose your civil rights including but
 3   not limited to the right to vote, to keep and bear firearms,
 4   to hold public office and to serve on a jury.  Other rights
 5   may be lost such as certificates to engage in certain types
 6   of employment, admission to certain types of colleges and
 7   programs.
 8        If you plead guilty the Court has the authority to
 9   order you to make restitution to any victim of your offense.
10        Starting on page 15 and going into page 16 is the
11   factual statement.  Have you read the factual statement?
12             THE DEFENDANT:  Yes.
13             THE COURT:  And have you discussed these facts
14   with your attorney?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Are these facts true?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Is there anything in this factual
19   statement that you wish to change or correct?
20             THE DEFENDANT:  No.
21             THE COURT:  Having heard the explanation of the
22   affect of a plea of guilty on your rights, do you still wish
23   to plead guilty to counts 1 and 20?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Is there anything you want to tell me
```

Sandy Tremel, RMR,CRR - Federal Official Court Reporter

```
 1  or ask me or your attorney that bears on your decision to
 2  plead guilty before I take your plea?
 3          THE DEFENDANT:  No.
 4          THE COURT:  How do you plead?
 5          THE DEFENDANT:  Guilty.
 6          THE COURT:  Are you freely and voluntarily
 7  entering a plea of guilty to counts 1 and 20 of the
 8  indictment?
 9          THE DEFENDANT:  Yes, Your Honor.
10          THE COURT:  I'll accept your plea and determine
11  the plea of guilty is knowingly, voluntarily and
12  intelligently made and not the result of force or threats or
13  promises except for those promises contained in the plea
14  agreement.
15          MR. PEREZ:  Your Honor, for the record, if we were
16  to go to trial on counts 1 and 20, the United States would
17  rely on the statement of facts and the evidence that was in
18  the plea agreement on page 15 and 16.
19          THE COURT:  All right.
20      All right.  We'll have a presentence report due
21  December 14th, 2012.  All sentencing memorandum, expert
22  reports and any documentation that either side wants the
23  Court to review must be filed by January 14th.  Sentencing
24  is scheduled for February 15th, 2013 at 9:00 a.m.
25          Is there anything further?
```

```
1            MR. JANCHA:  Not with that matter.
2            MR. PEREZ:  No, Your Honor.  Thank you.
3                      C E R T I F I C A T E
4            I certify that the foregoing is a correct
5   transcript from the record of proceedings in the
6   above-entitled matter.
7
8   s\Sandra K. Tremel,                         May 2, 2013
    Registered Merit Reporter
9   Certified Realtime Reporter
    Federal Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```